# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

October 27, 2016

**LETTER OPINION**

Re:   Boyd v. Greater Bergen Community Action, D.E. 10, 15
       Civil Action No. 15cv7127 (MCA)(SCM)

Dear Litigants:

Before this Court is Plaintiff Anthony Boyd's ("Mr. Boyd") motion for default judgment against Defendant Greater Bergen Community Action ("Greater Bergen"), and Greater Bergen's cross-motion for leave to file its answer out of time.[1] The Court did not hear oral argument on these issues. Upon consideration of the parties' submissions, and for the reasons set forth herein, Greater Bergen's cross-motion for leave to file an answer is **GRANTED.**[2] Mr. Boyd's motion for default judgment against Greater Bergen is **DENIED AS MOOT.**[3]

---

[1]  (ECF Docket Entry No. ("D.E.") 10, 15).

[2]  (D.E. 15).

[3]  (D.E. 10).

## BACKGROUND

On September 28, 2015, Mr. Boyd filed this action against his former employer, alleging race-based employment discrimination along with an application to proceed *in forma pauperis*.[4] On March 16, 2016, the court granted Mr. Boyd's application.[5] Greater Bergen was served with the summons and complaint on July 22, 2016.[6] Greater Bergen's answer was due on August 12, 2016.[7] Greater Bergen failed to timely answer the complaint. On August 19, 2016, the Court entered the following text order:

> Our records indicate that a proof of service has been filed in this civil action and that the time for defendants to Answer has expired. You are hereby directed to move this civil action, by requesting that default be entered or submitting an extension to answer out of time, within ten (10) days from the date hereof. Should you fail to do so, this action shall be listed for dismissal on September 9, 2016. So Ordered by Judge Madeline C. Arleo on 8/19/16.[8]

On August 29, 2016, Mr. Boyd filed a motion for default judgment.[9] He did not, however, first request that the Clerk enter default against Greater Bergen.[10] On September 19, 2016, Greater Bergen filed an Answer, albeit out of time, and simultaneously filed an opposition to the motion

---

[4] (D.E. 1).

[5] (D.E. 2).

[6] (D.E. 7).

[7] (*Id.*); *see* Fed. R. Civ. P. 12(a)(1)(A)(i).

[8] (D.E. 8).

[9] (D.E. 10).

[10] *See* Fed. R. Civ. P. 55(a)(the clerk must enter default "[w]hen a party . . . has failed to plead or otherwise defend").

for default judgment.[11] On September 21, 2016, Greater Bergen filed a cross-motion for leave to file its answer out of time.[12]

## DISCUSSION

In Greater Bergen's motion, counsel Joseph Brown ("Attorney Brown") certifies that while intending to answer the Complaint at all times, confusion as to whether legal coverage would be provided by Greater Bergen's insurance carrier prevented him from doing so.[13] Greater Bergen's legal insurance is underwritten by Philadelphia Insurance Companies but communications with Philadelphia are directed through an alternate insurance broker.[14] Shortly after being served with the summons and Complaint, Attorney Brown contacted the insurance broker who repeatedly assured him over the course of several weeks that they were working on the matter.[15] Rather than retaining counsel or responding to the Complaint, they were "working on convincing Philadelphia to cover the matter."[16] Relying on the insurance broker's assurances, Greater Bergen missed the deadline to answer and Attorney Brown only learned of the mistake when Mr. Boyd filed the pending motion for default judgment.[17] Attorney Brown immediately retained counsel for Greater Bergen.[18]

---

[11] (D.E. 11, 13).

[12] (D.E. 15).

[13] (D.E. 15-2, Cert. of Joseph Brown ¶¶ 16-17).

[14] (*Id.* ¶¶ 4-5).

[15] (*Id.* ¶¶ 6-10).

[16] (*Id.* ¶¶ 13-14).

[17] (*Id.* ¶¶ 11-12).

[18] (*Id.* ¶ 15).

In consideration of Attorney Brown's representations regarding the reasons for Greater Bergen's failure to timely answer, and that Mr. Boyd would not suffer any legitimate prejudice from the additional extension Greater Bergen seeks, and for good cause shown, Greater Bergen's cross-motion is **GRANTED**.[19] Greater Bergen's time to respond to the Complaint is extended nunc pro tunc through and including September 19, 2016. Greater Bergen's answer shall be deemed timely filed. Since the Court finds that Greater Bergen timely filed an answer, Mr. Boyd's application for default judgment is **DENIED AS MOOT**.[20]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/27/2016 2:35:47 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File

---

[19] (D.E. 15).

[20] (D.E. 10).